IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOSEPH MARVIN STAGGS                                                                      PETITIONER
*#0036266*

V.                                    CASE NO. 3:23-cv-00045-BRW-JTK

RONNIE COLE,                                                                              RESPONDENT
Sherriff of Clay County, Arkansas

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection and (2) be received by the Clerk of this Court within 14 days of the entry of this Recommendation. By not objecting, you may waive the right to appeal questions of fact. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**I.      Background**

On February 14, 2023, Joseph Staggs ("Staggs") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). At the time of filing, Staggs was a state pretrial detainee in the Greene County Detention Center for charges filed in Clay County, Arkansas.¹

---

¹ *See Phipps v. Woods*, No. 4:20-CV-00671-BRW-JTR, 2020 WL 3579389, at *1 n.1 (E.D. Ark. June 10, 2020), *report and recommendation adopted*, No. 4:20-CV-00671-BRW-JTR, 2020 WL 3579499 (E.D. Ark. July 1, 2020) ("Because [Staggs] [sought] relief before trial and judgment in state court, his remedy, if any, lies under § 2241(c)(3). *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979) (federal court's jurisdiction over pretrial habeas petition is under § 2241(c)(3)); *compare Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (person in custody pursuant to the judgment of state court can obtain habeas relief only through § 2254, no matter how pleadings are

Based on the reasoning discussed below, the undersigned recommends that the case be denied, that it be dismissed without prejudice, and that a certificate of appealability not be issued.

Staggs did not fully explain the procedural history of his underlying state charges, so this Court takes judicial notice of the public court records pertaining to those charges. For conduct occurring on March 20, 2022, Staggs was initially charged with Class D felony fleeing, reckless driving, driving without a license, and failure to stop at a stop sign in Clay County, Arkansas. *See State of Arkansas v. Joseph Staggs*, Clay Cnty. Cir. Ct. No. 11PCR-23-18 (initially filed as state district court case no. CR-23-2 and later merged with the state circuit court case when formal charges were filed). The state district court scheduled Staggs's first appearance for April 2022, but Staggs failed to appear because he said he was in Missouri's custody. The state district court then issued a failure to appear, and that resulted in state district court case no. CR-22-427. That case was eventually merged with the underlying state circuit court case no. 11PCR-23-18.

Staggs states that he was arrested on November 17, 2022, pursuant to the state circuit court's detainer, but records show that he was placed in the custody of Clay County on December 1, 2022. His primary argument is that—as of the February 14, 2023, filing date of the pending federal habeas petition—formal state charges had not been filed against him within 60 days of his detention. At the time of his federal habeas filing, he requested that the prosecution dismiss with prejudice all charges and that those charges be expunged from his criminal record.

Subsequently, the state formally charged Staggs with fleeing in an information filed on March 29, 2023, in Clay County Circuit Court. He was appointed a public defender, but on April 28, 2023, Staggs filed a *pro se* state petition for writ of habeas corpus, alleging that formal charges

---

styled; rejecting state prisoner's contention that his petition should be classified as § 2241 petition")).

were not timely filed against him. It appears that the petition was not addressed, and Staggs eventually pleaded guilty to Class C felony fleeing on June 27, 2023. He received a 60-month suspended sentence.

## II. Discussion

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must [summarily] dismiss the petition." *See* R. 4, R. Governing § 2254 Cases in the U.S. Dist. Ct. (applicable to § 2241 petitions under R. 1(b)). Here, it plainly appears that Staggs was not and still is not entitled to relief.

A court reviewing a federal habeas petition must decide whether a violation of the Constitution, laws, or treaties of the United States occurred. 28 U.S.C. § 2241(c)(3). Federal courts are not allowed to review matters based solely on alleged errors of state law. *See Holly v. Drake*, No. 4:22-CV-00128-LPR-ERE, 2022 WL 1152371, at *2 (E.D. Ark. Feb. 18, 2022)[2] ("[T]his Court does not have jurisdiction under 28 U.S.C. § 2241 or any other federal statute to issue a writ of habeas corpus for violation of state law by state authorities." (quoting *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986)).

Staggs does not allege that his pretrial detention violated his rights under federal law. Instead, he relies exclusively on a purported violation of state criminal procedural law. Consequently, his allegation is not cognizable under any federal habeas provision, and this Court did not then and does not now have jurisdiction to review the pending federal habeas petition.[3]

---

[2] *Report and recommendation adopted*, No. 4:22-CV-00128-LPR-ERE, 2022 WL 1138156 (E.D. Ark. Apr. 18, 2022).

[3] *See* Ark. R. Crim. P. 8.6 (requiring the prosecutor to file formal charges within 60 days of the accused's arrest and permitting the accused's release from detention only unless good cause for the delay is shown; dismissing charges not required). Staggs does not specifically mention this rule, but it appears that his claim is based on such, given the substance of the instant petition.

Even if Staggs had raised a cognizable claim under federal habeas law and had his case remained open for resolution, the undersigned would still recommend that Staggs's petition be denied and dismissed. Courts have recognized that 28 U.S.C. § 2241 does not explicitly mention an exhaustion requirement. *See Enloe v. Smith*, No. 2:22-CV-00019-SEP, 2022 WL 1802155, at *4 (E.D. Mo. June 2, 2022). Nevertheless, "a body of case law has developed determining that 'federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the Petitioner.'" *Id.* (alteration in original) (quoting *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (collecting cases)). "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the p[etitioner] claims he is being held in violation of the Constitution." *Mayfield v. Payne*, No. 4:24-CV-00206-BRW-ERE, 2024 WL 2205996, at *1 (E.D. Ark. Apr. 19, 2024)[4] (quoting *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 198[1])).

In other words, a state pretrial detainee filing a habeas petition under § 2241 "must [, therefore,] fairly present his federal constitutional claims to the highest available state court before seeking relief in federal court." *Id.* at *2 (citing *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997)). "This exhaustion requirement applies to habeas petitions challenging state court convictions as well as *pending* state criminal prosecutions." *Id.* (citing *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981)).

Staggs has failed to present any extraordinary circumstances that would have warranted this Court to intervene before completion of the state judicial process and/or before he exhausted

---

[4] *Report and recommendation adopted*, No. 4:24-CV-00206-BRW-ERE, 2024 WL 2164745 (E.D. Ark. May 13, 2024).

the state remedies available to him during the pendency of his fleeing charge. Instead, he pleaded guilty, and neither did Staggs nor his attorney attempt to address or further prosecute Staggs's *pro se* state habeas petition. Accordingly, Staggs's federal habeas petition should be summarily dismissed.

### III.   Certificate of Appealability

Unless a district court "issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). For a petitioner to obtain a certificate, this Court must find a substantial showing of the denial of a federal right. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Id*. Because Staggs has not made the requisite showing, the undersigned recommends not issuing a certificate of appealability.

### IV.   Conclusion

In short, the undersigned recommends that Staggs's federal habeas petition be **DENIED**, this case be **DISMISSED** without prejudice, and that a certificate of appealability be DENIED.

DATED THIS 22nd day of October, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE